DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Dwayne Ramsey, appeals from the judgment of the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} On December 29, 2006, Appellant, Dwayne Ramsey, was indicted on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree and one count of robbery, in violation of R.C. 2911.02(A)(2), a felony of the second degree. Ramsey's co-defendant, Amy Parker, was also indicted on one count of robbery. Ms. Parker pled guilty to the charge. Ramsey *Page 2 
pled not guilty. Ramsey's case proceeded to trial before a jury. Ms. Parker testified on behalf of the State. On July 20, 2007, the jury returned a verdict convicting Ramsey on the robbery charge, but acquitting him on the aggravated burglary charge. Ramsey was sentenced to seven years of incarceration. Ramsey filed a timely notice of appeal, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "[RAMSEY'S] CONVICTION FOR ROBBERY UNDER R.C.2911.02(A)(2) (SIC) WAS BASED UPON INSUFFICIENT EVIDENCE AS A MATTER OF LAW."
 {¶ 3} In his sole assignment of error, Ramsey contends that his conviction for robbery under R.C. 2911.02(A)(2) was based upon insufficient evidence as a matter of law. We disagree.
 {¶ 4} When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production, while a manifest weight challenge requires the court to examine whether the prosecution has met its burden of persuasion.State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). To determine whether the evidence in a criminal case was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a *Page 3 
reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 5} Ramsey was convicted under R.C. 2911.02(A)(2), which provides, in pertinent part:
 "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 "* * *
 "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another[.]"
 {¶ 6} The robbery victim, Kathie Condos, testified for the State. Ms. Condos testified that she resides at an apartment located at 65 Akers Ave. in Akron, Ohio. Ms. Condos suffers from several medical problems including arthritis and cellucitis. She takes prescribed medications for her illnesses. Among those prescriptions, Ms. Condos takes Percocet, Oxycontin and Atevin. In December 2006, Ms. Condos befriended a woman named Amy Parker. Ms. Condos testified that she met Ms. Parker through her grandchildren's father.
 {¶ 7} Ms. Parker also testified for the State at trial. According to Ms. Parker, in the six months prior to meeting Ms. Condos, she began abusing Oxycontin and other drugs. Ms. Parker testified that she formed a relationship with Ms. Condos because she purchased Oxycontin from Ms. Condos. Notably, Ms. Condos denied ever selling any medications to Ms. Parker or anyone else. *Page 4 
 {¶ 8} Ms. Parker testified that on December 17, 2006, she drove to Ms. Condos' apartment to purchase some pills. Ms. Condos' minor granddaughter, C.C., answered the door and told Ms. Parker that her grandmother was at church. According to Ms. Parker, C.C. told her that her grandmother wanted Ms. Parker to meet her there. Ms. Parker drove to church with Ramsey and another acquaintance named Trish. She testified that she met Ramsey through Trish. She testified that she did not know Ramsey prior to December 17, 2006. At trial, Ms. Parker positively identified Ramsey as the person who entered Ms. Condos' home and stole her purse.
 {¶ 9} Ms. Parker attended the church service while Ramsey waited in the car. Ms. Parker testified that when the service was over, she and Ms. Condos drove to the apartment in Ms. Condos' vehicle. Ramsey and Trish rode together in Ms. Parker's car. Ms. Parker testified that Ms. Condos told her that she could come up to the apartment but that Ramsey could not. Ms. Parker first went up to the apartment by herself and purchased the Oxycontin. She then left with Ramsey to obtain change for a $100 bill. They were unsuccessful. When they returned to Ms. Condos' apartment, Ms. Parker went up to the apartment and Ramsey followed her. Ms. Parker testified that after Ms. Condos answered the door, Ramsey came running behind her and entered the apartment. Ms. Parker testified that Ramsey did not have permission to enter Ms. Condos' apartment. She testified that Ramsey held a gun to Ms. Condos' neck, grabbed her purse, and *Page 5 
pulled her backwards causing her and the chair in which she was sitting to fall to the floor.
 {¶ 10} Ms. Parker further testified that when Ramsey started scuffling with Ms. Condos, Ms. Parker ran out of the apartment and got into her car. Ramsey jumped into the backseat of the car and started screaming and cursing at her. Ramsey ordered her to start driving. She complied. She drove to a house in Akron. Once there, she exited the vehicle. Ramsey and Ms. Parker's sister left in her vehicle. Ultimately, the police discovered Ms. Parker's vehicle with Ramsey inside. They arrested Ramsey. Shortly thereafter, Ms. Parker was also arrested.
 {¶ 11} Ms. Condos described the incident as follows. When Ramsey entered her apartment, he told her that he wanted her purse. He showed her a gun. She refused to hand over her purse. Ramsey began pulling at the long strap on her purse. He pulled Ms. Condos off the chair in which she was sitting, breaking the chair. Ms. Condos fell to the floor. He then pulled her around her kitchen, attempting to obtain the purse from her. Ms. Condos estimated that the struggle lasted eight minutes. When Ramsey hit Ms. Condos on the head with the gun, she finally released the purse to him. Ramsey also pointed the gun at C.C., her 15 year-old granddaughter. C.C. testified that when Ramsey pointed the gun at her, she "just freaked." Ramsey fled the apartment.
 {¶ 12} Ms. Condos testified that the purse contained approximately two hundred dollars, two to three hundred dollars worth of checks, some prescription *Page 6 
medications, a diamond ring and several charge cards. Ms. Condos positively identified Ramsey as the assailant.
 {¶ 13} City of Akron Police Officer Donald Sears testified at trial. Officer Sears testified that on December 17, 2006, he responded to a call regarding a robbery at 65 Akers Ave. in Akron. He met with the victim, Ms. Condos, who told him that Ms. Parker was a suspect in the robbery and that a man who was with her took Ms. Condos' purse. She described the man as a black male around 30 years old who was approximately six feet tall and weighed between 160 and 190 pounds.
 {¶ 14} Detective Michael Schaeffer of the City of Akron Police Department also testified at trial. Detective Schaeffer was assigned to the case and immediately went to the scene to interview Ms. Condos on December 17, 2006 after learning of the incident. Detective Schaeffer presented a photo array to Ms. Condos. Ms. Condos selected Ms. Parker from the photo array. Based on Ms. Condos' description of the vehicle used in the robbery, the police located it. When they stopped the vehicle, they found Ramsey in the vehicle with Ms. Condos' stolen purse and other property belonging to her. The police also found a gun in the car that was concealed in a book bag. Detective Schaeffer testified that the gun appeared to be a real gun. The police later determined that the gun was a pellet gun. *Page 7 
 {¶ 15} We find that the State presented sufficient evidence to support Ramsey's conviction for robbery. The testimony reflected that Ramsey committed a theft offense by taking Ms. Condos' purse. Further, the testimony established that Ramsey threatened to inflict physical harm on Ms. Condos by showing her his gun while trying to steal her purse. Ms. Parker testified that Ramsey held a gun to Ms. Condos' neck while he forcibly tried to take her purse. See In re Keith (Sept. 25, 2001), 10th Dist. No. 01AP-228, at *8 (finding that defendant "threatened to inflict physical harm within the meaning of R.C. 2911.02(A)(2)" by pointing a gun at the victim and demanding money).
 {¶ 16} Ramsey argues that the State failed to prove that he knowingly inflicted, attempted to inflict, or threatened to inflict physical harm on Ms. Condos. However, this Court as well as our sister courts, have held that "the perpetrator of a robbery need not knowingly inflict, attempt to inflict, or threaten to inflict, any harm." (Emphasis added.)State v. Norris, 9th Dist. No. 21619, 2004-Ohio-2516, at fn. 1. SeeState v. Robertson, 8th Dist. No. 80910, 2002-Ohio-6814, at ¶ 12 (explaining that "[a]ssault is not a lesser included offense of robbery, as assault requires that the defendant knowingly cause or attempt to cause physical harm, whereas robbery can be committed by only threatening infliction of physical harm on another"). See also In reBowers, 11th Dist. No. 2002-A-0010, 2002-Ohio-6913, at ¶ 28. Therefore, a defendant can be convicted of the offense of *Page 8 
robbery under R.C. 2911.02(A)(2) without proving that the defendant knowingly inflicted, attempted to inflict or threatened to inflict physical harm on another.
 {¶ 17} Given this evidence, we are unable to conclude that no rational trier of fact could have found that the State had proved the essential elements of this crime beyond a reasonable doubt. Jenks, 61 Ohio St.3d at paragraph two of the syllabus. Therefore, we conclude that Ramsey's conviction for robbery was supported by sufficient evidence. Ramsey's sole assignment of error is overruled.
 III. {¶ 18} Ramsey's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). *Page 9 
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 CARR, P. J. SLABY, J. CONCUR *Page 1